UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| PAULA A. THOMSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:13CV96 HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Widow's Insurance Benefits (Disability) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 402,423. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

Plaintiff was 51 years old at the time of the hearing. She has a limited education and has had no additional education since she has been in the United States. Plaintiff had no past work experience. Plaintiff lives alone in a residence.

She drives, but is only able to drive a few miles at a time. She drives infrequently. She stated she can only drive for short periods due to back pain and discomfort. She testified that she has problems with her neck, middle back, and lower back.

Plaintiff claimed disability due to numerous physical and mental impairments, including hepatitis C, depression, anxiety, chronic obstructive pulmonary disease, degenerative disc disease of the neck and back, asthma, and allergies.

The ALJ found Plaintiff had the severe impairments of asthma and chronic epicondylitis of the right elbow. The ALJ found she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

A vocational expert testified in order to assist the ALJ in reaching a decision. The ALJ concluded, based upon inquiry of the vocational expert that Plaintiff retained the RFC to perform light work as defined in 20 CFR 404.1567 (b) but needed to avoid climbing ladders, ropes, and scaffolds. She can only occasionally climb ramps or stairs. She can only occasionally stoop, kneel, crouch, crawl, and balance. She can frequently reach and reach overhead with the right

upper extremity. The ALJ finally concluded that Plaintiff must avoid all exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas.

The Appeals Council denied her request for review on August 30, 2013. The decision of the ALJ now stands as the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here, the specific issue is whether the ALJ properly determined Plaintiff's mental and back impairments were non-severe impairments.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*. Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523.

At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611. The burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior

work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of January 31, 2011. The ALJ found at Step Two that Plaintiff had the severe impairments of asthma, and chronic epicondylitis of the right elbow.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, and 404.1526).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform light work as set forth in 20 CFR 404.1567 (b) except she can only occasionally climb ramps or stairs, and never climb ladders, ropes, or scaffolds; only occasionally stoop, kneel, crouch, crawl, and balance; and frequently reach and reach overhead with the right upper extremity. In addition it was found she must avoid all exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas.

At Step Four it was the finding of the ALJ that Plaintiff had no past relevant work and therefore transferability of job skills is not an issue.

Finally, at Step five, the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform other work that existed in significant numbers in the national economy. The ALJ concluded as well that the Vocational Expert's testimony was consistent with the information set out in the Dictionary of Occupational Titles, except that relating to the "sit/stand" option. This option is not set out in the Dictionary of Occupational Titles, but results from the education and thirty-five years of experience as a vocational expert. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in her Applications.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id*. However, the court

"'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

A. Did the ALJ properly determine Plaintiff's mental and back impairments were non-severe impairments?

Plaintiff's position on this query is that the ALJ improperly found that her mental and back impairments were non-severe. The record, however,

demonstrates that the ALJ did indeed properly evaluate and assess her impairments.

An impairment is non-severe if it does not significantly limit an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a); Social Security Ruling (SSR) 96-3p, 1996 WL 374181 (S.S.A. 1996*); see also Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). "Basic work activities" include physical and mental functions such as walking, standing, sitting, lifting, pushing, pulling, seeing, hearing, speaking, using judgment, responding appropriately to co-workers and work situations, and understanding, carrying out, and remembering simple instructions. *See* 20 C.F.R. § 404.1521(b). Slight abnormalities that do not significantly limit a basic work activity are considered "not severe*." See Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989) (quoting *Brown v. Bowen*, 827 F.2d 311, 312 (8th Cir. 1987)). It is Plaintiff's burden to establish that her impairment or combination of impairments are severe. *See Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

While Plaintiff states without any real support in the record that the ALJ erred in finding her mental impairments to be non-severe, the clear evidence belies the assertion. The ALJ found Plaintiff had the medically determinable impairment of depression but there were only limited or mild limitations. Plaintiff lived alone, managed her finances, drove, maintained relationships with others, and had no

problems in getting along with others or with authority figures; Plaintiff testified that, mentally, she felt thirty years old. The ALJ's finding that Plaintiff did not have a severe mental impairment and assessment of Plaintiff's functional limitations was consistent with the opinion of State agency psychological consultant Barbara Markway, Ph.D.

The record demonstrates no mental-health complaints and normal mental-status examinations since Plaintiff's onset date. Plaintiff reported depression on two occasions but the mental-status findings were normal or minimal and Plaintiff reported no functional limitations to her medical providers. The record demonstrates Plaintiff did not seek or require counseling or psychiatric treatment and antidepressants were irregularly and sparingly prescribed. *See Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) ("The absence of any evidence of ongoing counseling or psychiatric treatment or of deterioration or change in Roberts's mental capabilities disfavors a finding of disability.") (citation omitted); *Buckner v. Astrue,* 646 F.3d 549, 557 (8th Cir. 2011) ("[A]lthough Buckner was diagnosed with depression and anxiety, substantial evidence on the record supports the ALJ's finding that his depression and anxiety was not severe.") (citing *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990)). The record patently supports the conclusion that the ALJ properly evaluated Plaintiff's mental impairments for severity.

Plaintiff asserts that the ALJ should have found that she had severe impairments of the cervical, thoracic, and lumbar spine. The record fully refutes her claim and supports the finding of the ALJ. Plaintiff made no complaints of neck or back pain to any medical provider around the time of her alleged onset date or any time thereafter set out in the record. Plaintiff asserts the ALJ should have assessed "the reason" for her "limited treatment" with a "treating specialist," but Plaintiff fails to even suggest what reason the ALJ should have considered, what treatment she desired, and which specialist denied or refused treatment or more extensive treatment.

The record shows that Plaintiff sought out medical care when she concluded it was needed, and treatment was limited because she did not have significant health issues and thus a need for a specialist. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997) ("[Claimant's] failure to seek medical assistance for her alleged physical and mental impairments contradicts her subjective complaints of disabling conditions and supports the ALJ's decision to deny benefits.").

B. Was the ALJ determination that Plaintiff could perform other work substantiated by substantial evidence

It is axiomatic that an ALJ may meet the burden by relying on vocational expert testimony. *See Nelson v. Sullivan,* 946 F. 2d 1314, 1317 (8th Cir. 1991) (A

vocational expert is a specialist in employment and vocational factors which influence employment. The ALJ was justified in relying on the vocational expert's testimony in finding plaintiff not disabled.). The hypothetical question put to the expert need only include those limitations that the ALJ found to be substantially supported by the record as a whole. *See Lacroix v. Barnhart,* 465 F.3d 881, 889 (8th Cir. 2006). In addition, hypothetical questions do not have to include subjective complaints which have been discredited as long as the ALJ has a reason to discredit them. *See Guilliams v. Barnhart*, 393 F. 3d 798, 804 (8th Cir. 2005).

Upon reviewing the record and the statements and conclusions of the ALJ it is clear that they are supported by the record. The ALJ posed a proper hypothetical question to the vocational expert based on all of Plaintiff's credible limitations. This established a basis for the vocational expert to testify that such an individual could perform other work that existed in significant numbers, including the jobs of table worker, assembler, and investigator of dealer accounts. The hypothetical question included the limitations the ALJ found credible, and excluded those that were discredited for legally sufficient reasons. The vocational expert's testimony that Plaintiff could perform work existing in significant numbers, was substantial evidence in support of the ALJ's determination. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011); *Gragg v. Astrue*, 615 F.3d 932, 941 (8th Cir. 2010).

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 2nd day of March, 2015.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE